## Bachofer v. Keller

*Walter G. Dugger,* for petitioner.

WINNET, J., September 23, 1942.—Plaintiff asks leave to take a default judgment against defendant who is in military service. Defendant has had notice of the application.

The suit is on a promissory note. The summons and statement of claim were served on defendant on August 7, 1942. The statement claims the sum of $354.83. The petition for leave to take judgment alleges that defendant is a lieutenant, senior grade, in the United States Navy, stationed at Cramp Shipbuilding Company; that conferences held with defendant in an effort amicably to adjust the suit have failed; that defendant refuses to pay the plaintiff; and that he is not entitled to the protection of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178.

The intent of both the Act of Congress and our Municipal Court Rule 83 is to protect the soldiers and sailors from default judgments. In the interpretation of both the act and the rule, the court should jealously guard the right of a person in the military service so that in the performance of his patriotic duty he shall not be prejudiced in any civil right which he may possess. In must be noted, however, that the Soldiers' and Sailors' Civil Relief Act is not an act of moratorium. It does not stay proceedings against persons in the military service. It merely provides the machinery for preventing a person in the military service from being prejudiced by reason of his absence or inability to take the necessary steps to protect himself. Even if he is present in the jurisdiction, the court should not compel him to answer the suit if by so doing it will interfere with the discharge of his duties in the service.

According to the petition of plaintiff, defendant is in Philadelphia and employed in an executive capacity at Cramp Shipbuilding Company and able to answer the suit if he has a defense. From the petition and from statements made by counsel who has contacted defendant, we can see no reason why defendant should be excused from answering the suit like any other citizen. It may involve him in some inconvenience but the service would hardly be prejudiced.

It may be, however, that defendant is under some mistaken idea that, because he is in the military service, judgment cannot be taken against him. Both the act of Congress and the rule of court have provided a further check against any injustice being done to a person in the military service. They provide for the appointment of an attorney to represent defendant. Section 200(1) of the Soldiers' and Sailors' Civil Relief Act provides, inter alia:

". . . no such order [judgment by default] shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest. . . ." Our Municipal Court Rule 83 (3) provides:

"If it shall appear at any stage of the proceeding that the defendant is in the military service, the court shall appoint an attorney to represent the defendant. The attorney shall inquire into defendant's military status and pertinent facts. He need not, in making his inquiry, require sworn testimony or depositions, but shall inform himself from any reliable source of the pertinent facts. When he has concluded his inquiry he shall report to the court the facts showing the status of the defendant so far as the attorney has been able to ascertain them, together with his recommendation on the subject, including, unless it appears that defendant is not in the service, the necessity or propriety of requiring a bond and the amount thereof, and the reasons for his recommendations. The report of the attorney shall be filed and the plaintiff's petition put upon the motion list for consideration by the court. The attorney shall render his service gratis."

I am, therefore, appointing Harry J. J. Bellwoar, Jr., Esq., to act as such attorney in accordance with the rule of court and to file a report and his recommendations within seven days.

The rule for judgment will be continued to October 2, 1942.